United States District Court
Southern District of Texas

**ENTERED**
May 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTOR ALFONSO DUBON SERVELLON, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-715 |
| v. | § § | |
| RAYMOND THOMPSON, *et al.*, | § § | |
| Defendant. | § § | |

**ORDER**

The petitioner, Victor Alfonso Dubon Servellon, filed a petition for a writ of habeas corpus on January 30, 2026, asserting a single claim for relief under 8 U.S.C. § 1226(a).  (Docket Entry No. 1).  Dubon Servellon argues that he is entitled to such relief both directly under the statute and as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  (Docket Entry No. 1 at 8 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*."")).  The federal respondents have filed a motion for summary judgment, arguing that both of those arguments fail.  (Docket Entry No. 6).

The court must dismiss Dubon Servellon's habeas petition.  Dubon Servellon cannot obtain relief directly under § 1226(a) because that argument is foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which held that 8 U.S.C.

---

[1] *Maldonado-Bautista* has a complicated procedural history; although the habeas petition only cites the original opinion, that opinion was amended and superseded in *Maldonado-Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).

§ 1225(b)(2), not 8 U.S.C. § 1226(a), applies to petitioners in Dubon Servellon's position.  And he cannot obtain relief as a member of the *Maldonado-Bautista* class because the Ninth Circuit ordered that the district court's December 18, 2025, declaratory judgment in *Maldonado-Bautista* was stayed pending appeal insofar as that judgment extended beyond the Central District of California.  Order, Case No. 25-7958, Docket Entry No. 14.1 (9th Cir. Mar. 31, 2026).

Dubon Servellon cannot obtain the relief he seeks under the single claim he presented to the court.[2]  The court grants the motion for summary judgment to the extent that the court agrees that Dubon Servellon cannot obtain habeas relief under 8 U.S.C. § 1226(a) or as a member of the *Maldonado-Bautista* class.  (Docket Entry No. 6).  Dubon Servellon's habeas petition is dismissed, without prejudice.  The court will enter a separate order dismissing this case.

SIGNED on May 4, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] Dubon Servellon did not request relief under the Due Process Clause or any other constitutional provision or statute in his petition.

2